WILLIAM H. LEWIS, Appellant, *v.* THE PARK BANK, Respondent.

The chamberlain of the city of New York having duly designated the defendant's bank as the depository of the funds of the city, a large amount whereof were in that bank when his term of office expired, and his successor in that office having named the plaintiff's bank as such depository, on demurrer to a complaint claiming damages by reason of the defendant's refusal to deliver such funds to the plaintiff.—*Held*, that

no cause of action existed in favor of the plaintiff. It had no responsibility for, or right to, any other moneys than such as should be actually placed in its charge. The defendant's duty was to the city, or the chamberlain, not to the plaintiff, and its refusal violated no rights of the plaintiff.

(Submitted April 1st, 1870; decided June 23d, 1870.)

APPEAL from a judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of the defendant on demurrer to the complaint.

Prior to December 24th, 1860, Nathan C. Platt was chamberlain of the city of New York, and had selected the Park Bank as the depository of the city and county moneys under his official bond. On the day named the bank held $4,000,000 of these moneys. On that day Platt was removed from office and Daniel Devlin was appointed chamberlain. Devlin designated the Broadway Bank as his depository, and gave notice thereof to the Park Bank and to the Broadway Bank, and demanded said money from the former. The Park Bank refused to pay over or transfer the money until commanded to do so by mandamus.

This suit is brought, by the assignee of the Broadway Bank, to recover the damages alleged to have been sustained by the Broadway Bank from the delay of the Park Bank to pay over this money, from December 24th, 1860, to February 15th, 1861, fifty-three days.

The damages are laid at $40,000, that being the sum which it is supposed might have been earned by the Broadway Bank, had it received this money and loaned it out for this fifty-three days.

The defendants demur generally.

*John E. Burrill*, for the appellant, cited 1 Chitt. Pl., 142; *Yates* v. *Joice* (11 John., 136); *Aldridge* v. *Stuyvesant* (1 Hall Super. Ct., 210); *Pasley* v. *Freeman* (3 T. R., 51); 1 Cow. Tr., 350; Cro. Jac., 478; Carth., 3–4; 1 Hen. and Mumf., 685; *White* v. *Coatsworth* (2 Seld., 139); *Van Wor-*

*mer* v. *Mayor* (15 Wend., 262); *Mercein* v. *People* (25 Wend., 64, 106); 4 Comst., 75; 4 Kern., 331.

*Francis C. Barlow*, for the respondents, cited Dwarr. on Stat., 712; *People* v. *Norton* (7 Barb., 477); *People* v. *Bogart* (3 Abb., 163); *People* v. *Ewen* (4 Den., 129); *Mechanics' Bank* v. *Levys* (3 Paige, 612); *Chapman* v. *White* (6 N. Y., 412); *Ketchum* v. *Bank of Commerce* (19 N. Y., 513); Edw. on Bailm., 66; *Commercial Bank* v. *Hughes* (17 Wend., 94); *Tillotson* v. *Preston* (3 John., 229); *Williams* v. *Houghtailing* (3 Cow., 86); *Stevens* v. *Barringer* (13 Wend., 639); *Tuke* v. *Eddy's Ex'r* (15 Wend., 76); *Jacob* v. *Emmet* (11 Paige, 142); *Consequa* v. *Fanning* (3 John. Ch., 587); *Rens. Glass Factory* v. *Reid* (5 Cow., 587); Mayne on Dam, 92 Law Lib., 36; *Hanslip* v. *Padwick* (5 Exch., 615); *Archer* v. *Williams* (2 Carr and Kir., 26); *Griffin* v. *Culver* (16 N. Y., 489); *Crain* v. *Petrie* (5 Hall, 522); *Kennedy* v. *Ray* (22 Barb., 511); Sedg. on Dam., 78; *Blanchard* v. *Ely* (21 Wend., 342); Mayne on Dam., 78.

GROVER, J. The ground of demurrer to the complaint was, that it did not state facts sufficient to constitute a cause of action. Chapter 477 of the Laws of 1860 made it the duty of the city chamberlain, who is, by virtue of his office, county treasurer, to deposit all moneys of the city or county of which he was custodian in a bank to be designated by him, as provided in the act. Upon such deposit being made, the relation of debtor and creditor was created, either between the city and county and the bank, or the officer and the bank, as there was no law requiring such moneys to be specially deposited and kept by the bank separate and apart from its other funds. For the purposes of this action it is immaterial whether the city and county, or the officer, is to be regarded as the creditor of the bank. When Devlin succeeded Platt as chamberlain, he had the right to designate the banks in which the money should be deposited. Pursuant to this power he designated the Broadway Bank. The defendant

was at the time debtor for about four millions of dollars, for·
money previously deposited with it by Platt while holding
the office of chamberlain. Devlin requested the defendant
to pay or deliver the money, so deposited with it by Platt, to
the Broadway Bank to his credit, which it refused to do,
but retained the same for about fifty-three days, when,
upon the award of a peremptory mandamus by the Supreme
Court, requiring it to make such payment or delivery to
the Broadway Bank, the same was paid in pursuance
thereof. The complaint further shows that the Broadway
Bank has duly assigned to the plaintiff all its ·claims for
damages against the defendant, sustained by reason of its
failure to deliver to the bank the money in question,
when required by Devlin. No question is made, by the
respondent's counsel, but that any claim to damages which
the Broadway Bank had against the defendant was assign-
able, nor but that the plaintiff, as its assignee, can maintain
the action to recover such damages, provided the Broadway
Bank could have recovered. The question simply is, whether
the Broadway Bank could have recovered anything of the
defendant as damages; and, if so, what it could have recov-
ered? To entitle the bank to recover, it must appear that its
rights had been violated by the defendant. What right of
the bank has been violated? It is argued that, upon its desig-
nation as a depository by the chamberlain, it became entitled.
to receive and retain the money of the city and county, until
the same was drawn from it pursuant to law; that the bank
would have acquired large gains from this possession of the
money. This is all true. But what money did it thus become
entitled·to receive and retain? The act of 1860, cited above,
furnishes the answer. It was all money of the city and
county of which the chamberlain was, by virtue of his office,.
custodian. Devlin was not custodian of the money deposited
by his predecessor with the defendant. Although, in a popu-
lar sense, it might be considered that the money so deposited
with the defendant was money of which the chamberlain was
custodian, yet, in a legal sense, it was not so. The money,

when deposited, was no longer the money of the city, but at once became the money of the defendant; was by it rightfully used as its own money; it becoming debtor therefor, the same as to any other of its depositors. Upon its failure to pay, as required by law, a like remedy by action could have been had for its recovery, together with interest as damages. The remedy resorted to was a mandamus, as appears by the complaint. The defendant is not estopped by any determination in that proceeding, as the parties were not the same in that as in the present action, the Broadway Bank, the plaintiff's assignor, not having been a party. The Broadway Bank had no more claim to recover damages of the defendant for its refusal to pay over the money in question, thus preventing its deposit with it, than to recover against any tax-payer or debtor of the city who refused to pay the claim against him, and thus prevented the amount being deposited.

The judgment of the General Term, affirming that of the Special Term, sustaining the demurrer, must be affirmed.

E. DARWIN SMITH, J.    The Broadway Bank clearly had no vested interest in, or right to, the moneys of the city on deposit in the Park Bank.    Until such moneys had actually been paid over to or deposited in such bank, it had no actual legal rights in regard to the same.    It was to be a mere depository of such money.    The Park Bank was doubtless liable to the city, or the chamberlain in behalf of the city, for the withholding or conversion of such moneys; and, in a proper action, might have been compelled to pay interest thereon during the time such moneys were withheld, but not to the Broadway Bank.    The decision of the court below was right and should be affirmed.

All concur for affirmance.

Judgment affirmed.