## Burnam *vs.* DeVaughn, for use.

1. Where the evidence introduced by the plaintiff would be sufficient to sustain a verdict in his favor, a non-suit should not be granted.
2. In a suit on an open account the plaintiff testified positively as to the correctness of the items; that the goods, the price of which was sued for, were furnished; that most of them were sold by himself, some by his clerk; that he knew the account was correct by the sales and by reference to his books, and that he could not tell exactly what amount he sold because his day-book was burned, but knew that he sold most of them himself, and knew the amount was correct because he kept the books himself:

*Held*, that this testimony was not objectional as being secondary.

3. The verdict is supported by the evidence.

Non-suit. Evidence. New trial. Before Judge SIM-MONS. Houston Superior Court. April Term, 1880.

Reported in the decision.

DAVIS & RILEY, for plaintiff in error.

DUNCAN & MILLER, for defendant.

CRAWFORD, Justice.

DeVaughn, who sued for the use of McLendon, brought an action against Mrs. C. N. Burnam on an open account; after the plaintiff had introduced his testimony and closed, the defendant moved a non-suit, which was overruled by the court, and she excepted.

The defendant then offered herself as a witness, and after the testimony closed, the case went to the jury and they found for the plaintiff; whereupon Mrs. Burnam by her counsel moved for a new trial, which was refused and she again excepted.

The grounds relied upon for a new trial were the refusal of the court to award a non-suit, the inadmissibility of DeVaughn's testimony, and the want of sufficient evidence to support the verdict.

DeVaughn, who was only the nominal plaintiff, testified that the account was correct as to the items, dates and prices.   That the goods mentioned therein were sold at the times and for the prices specified, and were delivered accordingly.   Upon the cross-examination, he further testified that McLendon had a letter from Mrs. Burnam, but which had been burned, authorizing Spivey, her agent, to buy supplies for her farm; that he sold the goods to this agent for her, and that McLendon had paid for them. Most of them were sold by himself, some by his clerks; he knew that the account was correct by the sales and by reference to his books.   He could not tell exactly what amount he sold because his day-book was burned, but knows that he sold the most of them himself, and knows the amount correct because he kept the books himself.

1. It was upon this testimony that the non-suit was refused, and we think correctly; because it was sufficient to send the case to the jury, and wherever it is sufficient, the judge would commit error to withhold it and assume

Burnam *vs.* DeVaughn, for use.

to pass upon it himself.   To move a non-suit is to invoke the judgment of the court upon the sufficiency of the proof to maintain a verdict, for the rule in such cases is, that when the judge would not allow a verdict for the plaintiff to stand, for the want of sufficient evidence to sustain it, then on motion a non-suit will be awarded, but otherwise not.

2. The testimony of DeVaughn was objected to because it was claimed that he testified from his books; if that were so the objection would have been well taken, but we do not so construe it.   He swears positively to the sale and delivery of the goods, most of which he says he sold himself; he could not however tell *exactly* what amount he sold because his day-book had been burned. This being his book of original entries, and having been burnt, we think his testimony admissible, even though he may have been testifying as to its contents.   Mrs. Burnam was then introduced and testified that she had not given Spivey a letter such as had been referred to by DeVaughn, nor had she authorized him to buy anything from him.   He was however her agent and had authority to buy her supplies, and did so, as she bought nothing of that sort herself.   He bought her bagging, ties, nails, meat and all such plantation articles as are in the account; he had general supervision and management of her crop and place.

3. It was upon this testimony and that of DeVaughn, that the jury passed, and we think it sufficient to warrant the verdict.   Mrs. Burnam never denied that the articles were purchased or used by her, whilst she did testify that he had authority to buy them, that such were used on her place, and the only denial was, that she did not give him such a letter as was represented, nor authorize him especially to buy from DeVaughn, which did not negative the plaintiff's proof.   Her testimony strengthened the plaintiff's case.

Judgment affirmed.