COOK vs. THE WESTERN AND ATLANTIC RAILROAD.

|    |    |
|----|----|
| 69 | 619 |
| 118 | 195 |

[JACKSON, Chief Justice, being related to parties in interest, did not preside in this case.]

A judge is not bound to send a case to the jury when there is not sufficient evidence to support a verdict for the plaintiff, if found; nor where, admitting all the facts proved and all reasonable deductions therefrom, a verdict for the plaintiff would be set aside, because no recovery should be had. In such cases he may grant a non-suit. On the other hand, a defendant cannot compel the court to take the place of a jury and pass upon the facts of a case by granting a non-suit, because he would not be satisfied with a verdict for the plaintiff. The court may always remit questions of fact to the jury, and he should not fail to do so whenever the plaintiff makes out a *prima facie* case.

(*a.*) Negligence being peculiarly a question of fact for the jury, and in a suit against a railroad for a homicide of an employé, the absence of negligence on his part and its existence on the part of the company being in doubt, a non-suit should not be granted, but the case should be submitted to the jury.

December 5, 1882.

Non-suit. Negligence. Practice in Superior Court. Railroads. Before Judge BROWN. Whitfield Superior Court. April Term, 1882.

Reported in the decision.

W. K. MOORE; D. W. HUMPHREYS, for plaintiff in error.

R. J. McCAMY, for defendant.

CRAWFORD, Justice.

This suit was brought by the widow of an employé of the defendant for the homicide of her husband.

Upon the conclusion of plaintiff's evidence, on motion of defendant's counsel, a non-suit was granted, and the plaintiff excepted.

The testimony relied upon by the plaintiff was, that as a

brakeman on defendant's road, the deceased attempted to ascend a box car from a flat car, to ascertain the cause of fire which he saw flying from one of the car wheels in front of him; that, in his effort to do this, the spike on the box car broke loose, and in attempting to throw himself back on the flat car, he fell through, and was so mutilated that he died on the following day; that it was his duty to go forward and ascertain whether or not the brake was on, and that the negligence of defendant in having this insecure spike in the end of the car, upon which he had to depend to enable him to get up on the same, caused his death.

The plaintiff's testimony also showed the following facts: That the casualty occurred near the Chattahoochee river, on the out-bound night train from Atlanta to Chattanooga; that it was the duty of the brakemen always to let off brakes on leaving the yard at Atlanta; that the fire seen was the subject of conversation between the deceased and another brakeman, who testified on the trial, that when they saw it, he said to deceased one of them ought to go forward and turn it off; deceased said he would go; witness told him to wait until the train got near the river before he went, as they would then be going slowly; that about three or four hundred yards from the river, witness saw his light about the flat car, and he thought that deceased was about to climb up; that there was a station very near the river; that the engineer blew on brakes as the train approached the station; that the deceased had his lamp, which was burning, and could have told whether the spike was loose, or had worked out any way, if he had inspected it.

The foregoing substantially states the testimony as set out in the record. The rule of law governing such cases is, that where the party injured is an employé of the road, and the particular business in which he is hurt is his, he must show, first that he himself was without fault before he is entitled to claim a recovery, and unless this be done, he makes no case against the company. When, however,

he shows that he was faultless, the onus is shifted, and it becomes the duty of the company to show itself free from negligence.

Doubtless, the judge below was fully satisfied that the failure to let off brakes as the train passed out of the yard at Atlanta ; that the going forward when the train was so near the station ; that the blowing on brakes as the train approached the station ; that the necessity for attempting to get upon the box car at the time he did, not being apparent ; that the failure to examine the spike before he risked himself upon it, knowing the peril attending it, and especially when it was not one of the cars of his company, all combined failed to show that he was faultless, and, therefore, he granted a non-suit.

But, on the other hand, it is insisted that this brakeman had the right to feel assured that an inspection of this car had been made, and that it was safe; and it being his duty to ascertain the cause of the fire seen, he went forward for that purpose, and was killed by the negligence of the company; and that, therefore, the non-suit was error.

In this opinion we concur. Whether the deceased was without fault, and the company free from negligence, are questions particularly for the jury ; they are facts, and facts are not to be passed on by the judge, except for the purpose of determining when the onus is shifted, or whether they give or deny a legal right.

Evidently the judge below thought that the plaintiff failed to make out a case, and, therefore, awarded a non-suit. In this we think he erred, as the facts were such as should have been passed on by the jury, and it should have been left to them to find whether or not the deceased was without fault, and if he were, then to have further found whether the company was free from negligence.

In so ruling, we do not intend to encroach upon the rights and duties of the bench. Neither do we intend to hold that the judge is bound to send a case to a jury where there is not sufficient evidence to support a verdict, if

v 69—40

'found for the plaintiff; nor that he shall send a case to the jury, where he would set aside the verdict, if admitting all the facts proved, and all reasonable deductions therefrom, the plaintiff ought not to recover. On the contrary, in all such cases a judgment of non-suit is the proper legal disposition thereof.

And this is the doctrine laid down in the case of *Tison et al. vs. Yawn*, 15 *Ga.*, 493, and not departed from in *Zettler vs. City of Atlanta*, 66 *Ga.*, 196. It is true, it was also held in the case in the 15th, that the court was not compelled to award a non-suit, if after verdict it would grant a new trial because the verdict was contrary to evidence, which ruling is approved by this court as sound in principle and practice. In the first place, the judge would not be justified in anticipating that the jury would find contrary to evidence, and in the second, there exists no legal right in the defendant to compel the judge, instead of the jury, to pass on the facts. He may always send them down to be inquired of by the jury, and he should not fail to do so whenever the plaintiff makes out a *prima facie* case.

Judgment reversed.