GEORGE H. CARMAN, EDWARD RIDER and SAMUEL
BRADY, Examiners of Edmondson Avenue *vs.* THE
PRESIDENT AND DIRECTORS OF THE FRANKLIN
BANK OF BALTIMORE.

### *Right to Money deposited in Bank.*

Where money is deposited in Bank by a Board of Examiners, as
such—in their official relation—and they are superseded in office
by the appointment of a new Board; the money so deposited be-
longs not to the former Board but to the latter, and is subject to
their check.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of this Court. The
action was tried before the Court without the intervention
of a jury. All errors in pleading were waived.

*Exception.*—The plaintiffs asked the following in-
struction:

If the Court finds that the plaintiffs were appointed a
board of examiners, as provided by the Act of 1880, ch.
443, and filed their bonds, qualified and entered upon the
discharge of their duties under such Act, and as such
board collected and deposited with the defendant various
sums of money, including that now sued for, and that at
the time when the Act of 1882, chapter 171, went into
operation there were moneys to the credit of the plaintiffs
in the hands of defendant, and that out of such moneys
plaintiffs were, and are personally entitled to certain sums
on account of per diem due them, and also to reimburse-
ment for moneys paid out by them as such board, and that
they, as such board, had contracted debts which had not,
and have not been yet paid; and shall further find, that
on the 19th day of July, 1882, plaintiffs made demand on

defendant for the balance due on said account, and defendant refused to pay the same, then the plaintiffs pray the Court to find that they are entitled to recover such balance as may appear to be due on said account, with interest from the date of demand.

The defendant offered the three following prayers:

1. That under the Act of Assembly of 1882, ch. 171, the sum of money standing with defendant to the credit of plaintiffs, Carman, Brady and Rider, examiners of Edmondson avenue, upon the qualification of Livezey, Mac-Gill and Fowler under that Act, became payable to the latter, and therefore the plaintiffs are not entitled to recover, if the Court, sitting as a jury, shall find that said Livezey, MacGill and Fowler, did qualify on or about the 31st day of March, 1882.

2. That if the Court finds that the amount to the credit of the plaintiffs, as "Examiners of Edmondson avenue," was the proceeds of collections made for said avenue under the Act of 1880, chapter 443, and deposited with defendant in pursuance of the provisions of said Act, and that the said defendant paid over the same on the cheque given by the persons named and appointed as examiners under the Act of 1882, chapter 171, and that the said persons had duly qualified by taking the oath prescribed by said Act, and had given bond at the date of said cheque, then the plaintiffs are not entitled to recover.

3. That the plaintiffs have offered no legally sufficient evidence that there is any money remaining due and payable to them in the hands of defendant, on account of deposit made by them with the defendant.

The Court (DUFFY, J.,) rejected the plaintiffs' prayer and granted the prayers of the defendant. The plaintiffs excepted. The Court rendered a verdict for the defendant, and judgment was entered accordingly. The plaintiffs appealed.

The cause was argued for the appellants before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Albert Ritchie,* for the appellants.

*John J. Donaldson,* and *Orville Horwitz,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

We did not hear the counsel for the appellee in this case, because there ought not, it seemed to us, to be any difficulty in regard to the question presented in this appeal.

The appellants were appointed by the Act of 1880, chapter 443, a board of examiners of Edmondson avenue, and were authorized to make and collect assessments on the property located on said avenue. The Act further provided that the money thus collected should be deposited by them in some bank in Baltimore City. As such examiners the appellants collected $11,483.17, which was deposited by them with the appellee corporation, in their names as *"Examiners of Edmondson avenue."*

By the Act of 1882, chapter 171, a new board of examiners were appointed in the place of the appellants, and by the express terms of the Act their duties and powers as examiners ceased. This suit is brought by the appellants to recover $8,710.67, balance of the money thus deposited by them, and which was paid by the appellee to the new board.

The deposit of money in bank, by one *in his own name* and *in his own* right, creates, no doubt, the relation of debtor and creditor—the contract on the part of the bank being to pay the checks of the depositor, so long as it has funds in hand sufficient to do so. In this case, however, the money was not deposited by the appellants in their own names, nor in their own right, but as examiners

of Edmondson avenue. It was a deposit made in their official relation as required by the Act, under which the money had been collected, and to the credit of a designated fund, in which they had *no beneficial interest.* When they were superseded in office, by the appointment of the new board under the Act of 1882, the money did not belong to them, but to their successors in office.

The cases relied on by the appellants, seem to us, to be against their contention. In *Lewis vs. The Park Bank,* 42 *N. Y.,* 463, Platt, the Chamberlain of New York City, deposited the funds of the city in the Park Bank; Devlin was appointed his successor, who designated the Broadway Bank *as his depository,* and upon a *mandamus* the Park Bank was required to pay to the Broadway Bank the money thus deposited by Platt. The Court decided, it is true, that the Broadway Bank was not entitled to recover damages alleged to have been sustained by the delay of the Park Bank in paying over the fund, because it had no interest in the fund until it had been deposited; and until this was done the relation of debtor and creditor did not exist.

And so. in *Swartwout vs. The Mechanics' Bank of New York,* 5 *Denio,* 555, where the plaintiff, Collector for the Port of New York, kept an account with the defendant in the name of *Samuel Swartwout, Collector,* and the bank claimed the right to apply the money thus deposited to an indebtedness on the part of the United States to the bank, and the Court held that if the money did in fact belong to the United States the plaintiff could not recover, but the mere fact that it was deposited in the name of the plaintiff *Collector* was not sufficient to warrant the conclusion that the money belonged to the Government. This case, it seems to us, is conclusive against the right of the appellants to recover, because it is clear that the money deposited with the appellee did not in fact belong to them, but was a fund collected and deposited by them

as examiners of Edmondson avenue.    For these reasons the rulings below will be affirmed.

*Judgment affirmed.*

(Decided 26th March, 1884.)