FRANK *vs.* THE ATLANTA STREET RAILROAD,

1. Wherever there is conflict in the testimony on all the controlling points in the case, though the judge, after verdict, may grant a new trial, he cannot, before verdict, grant a non-suit at law, or a dismissal, in the nature of a non-suit, in equity.

(*a.*) A motion to dismiss a bill in equity, with the facts elicited from the witnesses and the written testimony all in and before the court, is analogous to a motion for a non-suit at law, and the same general law is applicable to each case.

(*b.*) The remarks in 65 *Ga.*, 311, and 66 *Id.*, 195, indicating the contrary rule, were *obiter dicta*.

2. In equity trials in this state, wherever the truth of the facts is in dispute, the statute is imperative that the final decision thereon shall be by a jury.

3. So far as the province of the jury to try facts in dispute is concerned, it is immaterial what degree or *quantum* or certainty of evidence may be necessary by law to give relief in the case in equity. It is for the jury to find the facts, under the charge of the court, in one form or another of jury trial, either by general or special verdict.

4. The plaintiff in this case is entitled to have the jury pass upon the facts thereof, so as to give to the chancellor those facts as they really exist, that he may apply to them the principles of equity, and make an equitable decree thereon.

April 25, 1884,

Non-suit. Practice in Superior Court. Equity. Before Judge HAMMOND. Fulton Superior Court. October Term, 1883.

Reported in the decision.

MARSHALL J. CLARKE, for plaintiff in error.

MYNATT & HOWELL, for defendant.

JACKSON, Chief Justice.

The plaintiff in error brought her bill in equity to reform a deed executed by her to defendant in error, on the ground that, as written and delivered. it contained a mistake in the boundary therein set out, and if not such a mutual mistake as equity would relieve and reform, then a mistake brought about by such fraud in the use of deceptive means in the terms of the deed itself and the plats furnished her, one of which was exhibited and attached to the deed, and all of which were furnished by agents of the defendant to her, as to cause her to mistake the quantity of land she conveyed, and by the number of feet conveyed to include an eight-feet alley, which furnished her ingress and egress to and from another alley of ten feet width, and thence to the public street. At the close of the complainant's testimony, it was moved that the court dismiss the case, because complainant had not made such proof as would entitle her to go to the jury, which motion was then denied; but at the close of defendant's testimony, and pending the argument of defendant on the evidence, the court reconsidered its action, and after argument dismissed the case, withdrawing from the jury further consideration thereof. On the judgment so dismissing the whole case, on law and facts, without permitting the jury to pass upon the facts, under the charge by the court, on the principles of equity applicable thereto, the complainant excepted, and assigns for error that judgment. So that the question is, was there enough evidence, in connection with logical and legitimate inferences therefrom, to entitle the complainant to have the facts of her case—the verdict thereon—the truth of the transaction ferreted out and found by that tribunal which the constitution and laws of this state organize to pass upon facts, unless those facts make no case to entitle the complainant to recover in any reasonable view of them which the jury might take?

1. A motion to dismiss a bill in equity, with the facts

elicited from the witnesses and the written testimony all in and before the court, is analogous to a motion for non-suit at law, and the same general law is applicable to each motion. It is equivalent in either case to a demurrer to the whole case made on the entire facts. It is the same as if all the facts in proof in the equity cause had been embodied in writing in the bill, and on demurrer for absence of all equity therein, a motion to dismiss the bill had been made, with this important distinction, that the law, in conflict of testimony, requires that the jury shall find the true facts, the real evidence, and not the court. When those true facts are put on paper by the jury, in answer to questions propounded by the court, or under the charge of equitable principles by the court, by a general verdict of the jury, then the court decrees what should be done according to equity, on either form of verdict.

The difference in the two modes of getting at the truth is that, in the question and answer form, the facts are first found, without embarrassing the jury with the equities which grow out of those facts, while in the form of a general verdict, the equities are told to the jury by the judge first in his charge, and they find then the facts, and apply the equities to those facts in the general verdict. In both cases, the decree follows the true facts, the verdict, whether brought out of conflict by the jury in one mode or in the other. It would seem, therefore, under Georgia law, and practice under that law, wherever there is conflict, there can be no non-suit at law and no withdrawal of a case from the jury, for the reason that wherever there is conflict in the testimony, the true facts are not known to the court, and cannot be known until that conflict is made to cease by the power which the law of this state vests in the jury to tell the court which witnesses are truthful and which not, where they differ on any matter touching the vitals of the case, or what the truth is, weighed in the scales which the law gives to the jury to hold, when testimony is heaped in uncertain piles on the one side and the other.

It is true that it rests with the presiding judge to review this verdict, and on the question of the weight of the evidence, heavy or slight, on the respective sides, to set aside the verdict and grant a new trial, according to his own sound discretion. It is true that, whether he grants or refuses the motion for a new trial, this reviewing court rarely interferes with his discretion; never, except when it ceases to be sound because it has been abused. But to set aside the verdict of one jury, in order that another jury may probe the case to the quick and find the true line that marks the path of the truth, is one thing; to dismiss the whole proceeding from all juries, is another and quite a different thing, to use a favorite expression of Judge Warner. To turn one out of doors is very distinct from inviting him into another room. To tell him "you can have no relief," is not the same as to say to the suitor, "the court must consult another jury as to the truth of the facts of your case, before it can decree you relief." It is not, therefore, the law that, whenever a court would set aside a verdict and grant a new trial on the facts, it may grant a non-suit. One of the earliest adjudications of this court and its very latest decision thereon known to me, is directly in the teeth of such a *dictum*.

It is true that such *dicta* appear in two opinions delivered by the lamented and esteemed Judge Crawford; the first in the case of *Burnham vs. Devaughn, for the use, etc.*, 65 *Ga.*, 311, and the other in the case of *Zettler vs. The City of Atlanta*, in the 66 *Ga.*, 195; but an examination of both cases will show that the *dicta* are *obiter*, or at least not required by the facts in either case; and that this prudent, laborious and cautious judge reconsidered and modified these expressions, will clearly appear in his opinion in *Cook vs. The Western & Atlantic Railroad Co.*, 69 *Ga.*, 619, where he uses this language: "It is true, it was also held in *Tison et al. vs. Yawn* 15 *Ga.*, 493, that the court was not compelled to award a non-suit, if, after verdict, it would grant a new trial because the verdict was

contrary to evidence, which ruling is approved by this court as sound in principle and practice. In the first place, the judge would not be justified in anticipating that the jury would find contrary to evidence; and, in the second, there exists no right in the defendant to compel the judge, instead of the jury, to pass on the facts. He may always send them down to be inquired of by the jury, and he should not fail to do so whenever the plaintiff makes out a *prima facie* case."

This opinion of Judge Crawford is on the line of the issue decided by the court in the 69th *Ga.;* and the case cited in it from the 15th utters no uncertain sound, and its voice was heard and approved in the 69th. In the 15th, Chief Justice Lumpkin said: " Nor do we recognize the rule that if, after verdict, the court would grant a new trial because the verdict was contrary to evidence, it is bound to award a non-suit, on motion before trial. Such a doctrine would be an unwarrantable encroachment upon the province of the jury."

And such, it seems to us, would be the effect of the doctrine. It would not only encroach upon the province of the jury unwarrantably, but it would make jury trial wholly ineffectual and inoperative, at the will of the presiding judge. In his discretion, he may grant or refuse a new trial, where the verdict is against the weight of the evidence; if, therefore, wherever he may grant a new trial, he may non-suit at law, or dismiss in equity, he may non-suit or dismiss wherever the facts, as he interprets them, make a case unsatisfactory to himself.

The better rule, it strikes us, so far as it may be generalized, would be, wherever there is conflict in the testimony on all the controlling points in the case, though the judge, after verdict, may grant a new trial, he cannot, before verdict, non-suit or dismiss.

2. So far from the rule in this state being less strict in equity cases in having facts passed upon by juries, wherever the truth of the facts is in dispute, than at law, the

Frank vs. The Atlanta Street Railroad.

statute is imperative that the final decision thereon shall be by a jury. Even where an auditor is appointed to settle accounts in equity, " the final decision upon the facts shall be by a special jury." Code, §3097. So, too, when the masters in chancery adjudicate and settle facts *prima facie*, on exception to any portion of the report, it is the jury which must return a verdict on each exception of fact, before final decree. Code, §§4202, 4203. So, more broadly yet, it is declared that " when any question of fact is involved, the same shall be decided by a special jury." Code, §4206. So where the court of equity may act at chambers, it is where facts are not in dispute or the parties consent that the judge may pass upon them, under the act of 1866. Code, §4214. And so new trials may be granted from verdicts of juries in equity cases in like manner as in cases at law. Code, §4211. But no appeal is allowed from such a verdict. *Ib.* §4211.

Of course, the Georgia equity jurisprudence differs from the English and from most, if not all, of the American states; and it may be that the mother country and the other states have the better rule; no juries except when the chancellor sees fit to send down an issue of fact to the common law court; but ours has worked well for a very long time, and whether this statutory provision be wise or not, it is our duty to see that it be preserved until repealed or modified.

3. So far as the province of the jury to try facts in dispute be concerned, it is immaterial what degree or *quantum* or certainty of evidence may be necessary by law to give relief in the case in equity. It is for the jury to find the facts, under the charge of the court, in one form or another of jury trial. If a general verdict be found, it will be because the *quantum* or certainty of the evidence, under the rule given, is sufficient, under the charge; if, by special facts in answer to questions, the court will only decree where those facts are enough to authorize the decree; and in either case, the judge may award a new trial. So that,

at last, the true equity on the true facts is reached by the process which our law requires—facts for the jury, law for the judge.

The reason on which jury trial on facts has always rested is, that the men of the vicinage will know more of the locality and surroundings ordinarily than the judge, on trials concerning real estate; and on all trials of fact, involving the character and truthfulness of witnesses—usually persons in the neighborhood of the contention, and thus neighbors of the jurors—the jurors will be enabled more certainly to reach the true facts of the case and make a better verdict than a judge, who is usually a stranger to the locality as well as to the witnesses. The sense of the jury system of the trial of facts cannot be better illustrated than by reference to the pending case. The eight-feet alley; the ten feet alley; the streets into which those alleys open; the lot of complainant; the surrounding lots; the entire locality is of great importance, in order to ascertain the true nature of the claim of complainant and of the defence of defendant. Hence, the record is full of plats whereby this locality with its environs is transferred to paper, in order to present to the eye a picture of the scene of contest. But just as no photograph is as exactly correct as the reality it reflects, so the most accurate map or plat cannot fix in the mind's eye a locality as the eye receives it, when its own retina reflects for itself the real place. And so to catch the intent of the witnesses, what they mean in talking about the lines, boundaries, alleys and streets, an eye familiar with the spot will be better prepared than one which never rested upon it. It may be that, in this particular case, this individual, now occupying the circuit bench, being resident in Atlanta himself, may grasp the facts as easily and accurately as the jury; but legal principles must be general, so as to fit the generality of cases, and generally the judge knows nothing of the *locus* of the contention, and as little of the sworn witnesses.

4. Applying these principles to the facts disclosed by this record, it is clear to us that the plaintiff in error was entitled, by the law of this state and the long usage of her courts, to have the jury pass upon her case on the facts, so as to give to the chancellor those facts as they really exist, that he may apply to them the principles of equity and make an equitable decree thereon. True, she is seeking to reform a deed, and she must make a clear case to authorize that reformation; but the jury is the body whose province it is to find the facts, to weigh them, and ascertain the degree of clearness and force which they give to her case. True, also, she may be estopped by her conduct and *laches* in respect to defendant's expenditure of money and labor on the line it claims, if, with full knowledge thereof, she saw it go on and gave a silent acquiescence to what was done on the land she sold the company; but it is for the jury to say what the company did upon the land, to what extent she had knowledge of it, and acquiesced by silence or otherwise therein. It is true again, that if she knew that the company's object was to straighten its line and square its lot, and it was actually building on the part of its line which ran along its own lot and which could not be made straight except it excluded her theory of the eight-feet alley when it reached the lot, a part of which she was about to sell the company, these circumstances should be weighed against her, and if she made no timely complaint, the weight would be heavier; but if, by the plats furnished her, she was deceived, and believed and had reason to believe, that the eight-feet alley was preserved to her by the deed and plat annexed to it or furnished to her pending the negotiation, and she signed the deed thinking that alley was secured to her, these would be circumstances to be weighed in her favor; but it is the province of the jury to weigh them all and find the truth. Moreover, if she complained quickly; if the agents of the company recognized her complaint; if those, or any of them, who negotiated the purchase for the company recognized

that there was some ground for her dissatisfaction and disappointment about the deed, and sought to appease her or satisfy her touching the complaint she was making, then this would be entitled to what weight the jury would give it, as directly or inferentially pointing to the truth of a mistake in the deed mutually entertained, or a mistake on her part about the deed, brought about by the maps so furnished her by those agents.

Thus it is for the jury to extract from all the facts and circumstances, the deeds and words of the deeds, the plats attached to them and others, if any, furnished the complainant pending the negotiation, the conduct of the complainant and defendant's agents during the negotiation and after the sale; from these and all fair and reasonable deductions from them to extract the truth, and that degree of clearness with which they see that truth, so that the court may apply the principles upon which equity will reform this deed, or deny relief thereon.

It must be borne in mind that, in this opinion on the judgment of dismissal by the court below, this court does not mean to determine or intimate what the jury should decide or what conclusion they should reach. We simply mean to decide that the complainant made such a case as entitled her to have the jury—the tribunal to pass upon the facts when contested, in all equity cases, under the peculiar equity jurisprudence of Georgia—pass upon that case, and find, in either mode of jury trial the chancellor may adopt, the truth as to facts in the case, and bring to him a verdict thereon.

Purposely we omit to particularize the deeds which may bear on one or the other side, and the language in them touching this alley, lest our dealing with them might make us appear to usurp the functions of the tribunal to try facts, while we reverse, with great respect for his ability and learning, the presiding judge for having, in our judgment, erred, however rightfully and honestly in his own judg-

ment he acted, in granting the motion to take the case from that tribunal.

Judgment reversed.

Cited for plaintiff in error: 5. *Ga.*, 172; 11 *Id.*, 180; 15 *Id.*, 491; 25 *Id.*, 546; 35 *Id.*, 132; 37 *Id.*, 26; 42 *Id.*, 55; 43 *Id.*, 395, 323; 55 *Id.*, 122; 56 *Id.*, 294, 643; 57 *Id.*,28; 59 *Id.*, 595; 61 *Id.*, 38; 63 *Id.*, 488, 772, 785; 65 *Id.*, 309; 66 *Id.*, 569, 573; 67 *Id.*, 477, 58, 61, 430, 53.

For defendant: Code, §§3123, 3124; 13 *Ga.*, 89; 42 *Id.*, 451, 456; 40 *Id.*, 205; 65 *Id.*, 311.