REDDING *vs.* THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD.

In a suit by an employé against a railroad company for injuries inflicted by the negligence of a co-employé, it is incumbent upon the plaintiff to show that the injury was not the result of fault or negligence on his part. The question of negligence belongs peculiarly to the jury, and except in a clear case, where there is no conflicting evidence as to whether the employé was in fault or was negligent, the court should not withhold the case from the jury by awarding a non-suit. Where the evidence upon this point was doubtful, it should have been submitted to the jury, and to grant a non-suit was error. 66 *Ga.*, 170, 174, and citations.

Judgment reversed.

October 21, 1884.

HALL, Justice.

[Nias (or Ananias) Redding brought suit against the East Tennessee, Virginia and Georgia Railroad for a physical injury to him. On the trial, the evidence for the plaintiff showed, in brief, as follows: Plaintiff was a car-coupler for the defendant. It was the duty of the conductor or flagman to give signals to the engineer in coupling or uncoupling cars, and the train was under the general control of the conductor. At Baxley, the conductor went into the telegraph office, telling the plaintiff to leave two cars on the side track; the cab was uncoupled, and the train

moved up and stopped, thus leaving the coupling links tight. In order to get them " slack," so as to get the pin out, plaintiff, after changing the switch, gave the usual signal to the engineer for that purpose; he then gave the signal to stop, and went between the cars while they were moving slowly, expecting the engineer to stop. Instead of this, however, the engineer increased the speed, and ran back about a car-length and a half. Plaintiff moved back with the train; his foot was caught under the rail; and to save himself from being crushed to death, he threw his body outside of the rail and his leg was run over. At another place, plaintiff says that he attempted to get out, and his foot got hung. He also stated that he went between the cars before they came to a complete standstill; that if he had waited for this, he "never could have got the slack." The injury occurred before the cars were backed on to the side track.

On motion, the court granted a non-suit. and plaintiff excepted.]