Fraser *et al. vs.* The Charleston and Savannah Railway.

FRASER *et al. vs.* THE CHARLESTON AND SAVANNAH RAIL-
WAY.

[Jackson, C. J., not presiding, on account of indisposition.]

Although, in an action against a railroad company to recover dam-
ages for an injury alleged to have been done through the negli-
gence of its employé in the performance of his duty connected
with the running of its trains, the evidence on behalf of the plain-
tiff may not have been clear on several essential points, leaving it
somewhat doubtful whether the plaintiff was injured by a person
on board of the defendant's train or the train of another com-
pany which used the same track, or whether the injury was done
by an employé acting within the scope of his duty, or was the re-
sult of his personal wrong while acting outside of his authority,
or even whether the plaintiff had a right to be where she was when
the damage was done to her; yet, as inferences favorable to her
might have been drawn by the jury from the evidence, if left un-
explained or uncontroverted on all of those points, and as negli-
gence in the servants of the company was a question for the jury,
a non-suit should not have been awarded.

January 26, 1886.

Damages. Negligence. Railroads. Non-suit. Before
Judge HARDEN. City Court of Savannah. November
Adjourned Term, 1884.

William Fraser and his wife, Julia Ann Fraser, brought
suit against the Charleston and Savannah Railway Com-
pany to recover for an injury done to the wife while stand-
ing near the track of the defendant, by being hit by a
heavy piece of wood, which "dropped, fell and was
thrown" from the train upon her. It was alleged that
the piece of wood was necessary for fuel for the engine,
and was being carried for that purpose, and the injury
resulted from the negligent, reckless and careless hand-
ling of the piece of wood upon the part of the servants
of the defendant on board the train and whose duty it was
to care for, handle and manage the wood of which this
piece or stick was a part.

On the trial, the testimony of the party injured as to how the injury occurred was, in brief, as follows : In 1883, about six o'clock one morning, she was coming to town carrying a basket, walking on the track of the defendant, and was between where is known as Lover's Lane crosses the track and the city. When she saw the cars coming, she got down from the track about ten feet to a lower place. There was a woman behind her with two children. Just before the train came to where plaintiff was, she saw a man on the tender with a stick of wood. As the tender came opposite to her, she turned to speak to the other woman, and at that moment a stick of wood struck her in the thigh, knocking her down and injuring her. She did not know what train this was. When asked, " Whose railroad was this?" she answered, " I understood it was the Savannah Railroad; that's all I know—the Gulf road." She was sixty years of age. The woman who was with her when she was hurt testified that she was walking behind her; that she did not see the wood thrown, but heard her comrade groan and found her lying down, hurt, and the stick of wood beside her; that it was about six o'clock A. M.; that that portion of the railroad was generally used by pedestrians; that it was in July when the occurrence took place; and that she did not see any wire fence or stock gap there then, but they were there at the time of the trial.

Other testimony was introduced to the effect that that part of the railroad track was much used by foot passengers, especially early in the morning and late in the afternoon; that there was a pathway running alongside the track and on the railroad embankment; that for a long time, wood had been thrown from trains passing along there; that women and children would be waiting for it, and would carry it off; and that some was thrown from almost every train. One witness testified that he thought it was the defendant's train which was passing when the injury occurred, but could not state it positively. When

asked whether the train belonged to the Savannah, Florida and Western Railway, he said he supposed so. The husband of the injured woman testified that wood had been thrown from the train of the defendant, but on cross-examination, he stated that he knew this because he had been told so.

It was agreed that the portion of the track where the injury occurred belonged to the Savannah, Florida and Western Railway, and was used under contract between the defendant and that road in common.

A schedule in a newspaper was introduced, announcing the time when the passenger trains on the two roads left Savannah to be as follows: The defendant's trains at 6:45 A. M. and 4 P. M. The S., F. & W. trains at 10:30 A. M., 4 P. M. and 11 P. M.

At the close of the testimony for the plaintiffs, on motion of the defendant, the court granted a non-suit, and the plaintiffs excepted.

F. G. DUBIGNON; N. C. COLLIER, for plaintiffs in error, cited on non-suit, 43 *Ga.*, 323, 395; 56 *Id.*, 643; 57 *Id.*, 31; 59 *Id.*, 595. On main case, 14 Am. Rep., 114; 24 *Id.*, 296; 60 *Ga.*, 340; 68 *Id.*, 744; Code, §§2961, 2968; 17 Reporter, 466; 49 *Ga.*, 355; 58 *Id.*, 461.

CHISHOLM & ERWIN, for defendant, cited on non-suit, 71 *Ga.*, 222; 68 *Id.*, 155; 66 *Id.*, 197; 15 *Id.*, 493; Code, §3748; Wells on Circumstantial Ev., 187. On main case, 12 Iowa, 348; 30 *Id.*, 202; 4 Whart., 143; 70 Penn. St., 119; 19 Wend., 343; 2 Hill Torts, 524; 2 Rorer R. Rs., 1190-1.

HALL, Justice.

This is certainly a doubtful, if not a very weak, case for the recovery of damages, in consequence of an injury alleged to have been done by an employé of the railroad company, charged with being negligent in the perform-

ance of his duty connected with the running of defendant's train. The evidence is not clear upon several points essential to a recovery. It is somewhat doubtful whether the plaintiff was injured by a person on board the defendant's train, or the train of another company, both of which used the same track; circumstances in proof render it more probable that it was done from the train of the defendant than from that of the other company; it is still more doubtful if the injury was done by an employé acting within the scope of his duty, or if it was the result of his personal wrong while acting outside of his authority; it is even doubtful if the plaintiff had a right to be where she was when the damage was done to her. But as inferences favorable to her might have been drawn by the jury from the evidence, if left unexplained or uncontroverted, upon each and all of these essential points, and as it is for them to say whether the servants of the company were negligent in the management of the train, we think, under the well-settled rules of this court upon this subject, the non-suit should not have been awarded, and that the case should be re-instated.

"This is not quite a case for a non-suit, though its neighborhood to that class seems very near," as was said by Bleckley, J., in *Vickers vs. The Atlanta & West Point Railroad Company*, 64 *Ga.*, 308.

Judgment reversed.